644 So.2d 89 (1994)
Edwin BIRD, Judith Bird, and Sarah Lee Bird, a Minor, Appellants,
v.
HARDRIVES OF DELRAY, INC., and Constantino Gonzalez, Appellees.
No. 93-0005.
District Court of Appeal of Florida, Fourth District.
August 17, 1994.
Rehearing and Rehearing Denied November 15, 1994.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Ronald N. Dubner, Boca Raton, for appellants.
Joseph S. Kashi of Sperry, Shapiro & Kashi, P.A., and David F. Cooney of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc Denied November 15, 1994.
PER CURIAM.
We reverse a final judgment for Defendants entered after the trial court, midway through Plaintiffs' case, announced, sua sponte, that the court was striking the complaint and dismissing the action.
The court, upon concluding that Edward Bird was committing perjury,[1] and perpetrating a "sham, a fraud, and outright criminal conduct," summarily terminated the case while Bird was on the stand. At that point, the court and jury had seen a surveillance tape reflecting Edwin Bird's physical condition in impeaching juxtaposition to his own "day in the life" video. At the same time, the court believed that Bird's testimony, attempting to explain that he had not seen a doctor recently because the trial "was brought on suddenly," was directly contrary to the court's own recollection of the court's setting the trial date to accommodate Plaintiffs.
The court, at the time of its ruling, also was cognizant of its pretrial decision on a motion in limine, that sought sanctions due to the unexplained disappearance of an MRI that was last in Edwin Bird's possession. In ruling on that motion, the court had decided not to impose sanctions for the discovery *90 violation, but to remedy the problem by a special jury instruction as to the missing evidence. In announcing its midtrial decision to strike the complaint and dismiss, the court also commented "that Mr. Bird most likely did dispose of this key piece of evidence"; but that was not the stated basis for the dismissal.
Several months after the court's announcement of dismissal, the defense filed a written motion for sanctions, together with affidavits and portions of depositions concerning the missing MRI. This motion also sought attorney's fees and a written judgment for the defendants. After a nonevidentiary hearing, the court entered a final judgment, finding that Plaintiffs willfully destroyed MRI films in order to conceal their fraudulent claims, and that Defendants could not proceed without that vital evidence.
The record reflects that the court's explanation for its decision to dismiss shifted from the suspected fraud and perjury announced during the trial, to Plaintiffs' failure to produce the MRI, alone emphasized in the written order. The record also reflects that the court's written decision was based on additional material presented months after the court's sua sponte pronouncement at trial terminating the case.
It was error to summarily strike the plaintiff's pleadings and dismiss the action. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Surat v. Nu-Med Pembroke, Inc., 632 So.2d 1136 (Fla. 4th DCA 1994). We reverse because of the lack of notice or opportunity for Appellants to be heard at an evidentiary hearing on the serious charges. See generally, Surat; Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978); Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961). See also Tri Star Invs., Inc. v. Miele, 407 So.2d 292 (Fla. 2d DCA 1981). With respect to the missing evidence, Appellants are also entitled to an opportunity to show that the action can proceed with a less extreme remedy and, if so, to demonstrate that the loss was not in bad faith. See Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1982); DePuy, Inc. v. Eckes, 427 So.2d 306 (Fla. 3d DCA 1983). See also Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981).
Additionally, there is patently insufficient factual support for the trial court's oral dismissal of Mrs. Bird's complaint based on perjury or discovery violation by Mr. Bird. We recognize that the written final judgment does contain findings. However, the findings were entered long after the imposition of the actual sanctions imposed during trial.
On remand, the chief judge of the circuit should assign another judge to this case.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.
NOTES
[1] Among other strongly worded comments, the court stated that it had "never heard a bigger liar in my life."