840 So.2d 1167 (2003)
Wilma JACOB and Manuel Jacob, Appellants,
v.
Cal HENDERSON, Sheriff of Hillsborough County, Appellee.
No. 2D01-5718.
District Court of Appeal of Florida, Second District.
March 28, 2003.
*1168 Claude H. Tison, Jr., of The Swope Law Group, Tampa, for Appellants.
Thea G. Clark and Christopher C. Sabella, Tampa, for Appellee.
PER CURIAM.
Wilma Jacob and her husband Manuel Jacob appeal the trial court order that dismissed, with prejudice, their personal injury action against Cal Henderson, as sheriff of Hillsborough County. The trial court ruled that sworn deposition testimony of Mrs. Jacob, when compared to a surveillance video, constituted fraud on the court justifying dismissal with prejudice. We conclude dismissal with prejudice was too harsh a sanction and thus an abuse of discretion. Therefore, we reverse and remand for further proceedings.
Mrs. Jacob alleged that, while a pedestrian, she was struck in the arm by the side-view mirror of a patrol car driven by a Hillsborough County deputy sheriff. At trial, Mrs. Jacob presented evidence that she sustained a severely fractured right arm resulting in nerve damage, continuing partial loss of function, and pain in the arm and hand caused by Reflex Sympathetic Dystrophy. The jury evaluated Mrs. Jacob's damages to be $235,000 and assessed fault at 53% to Mrs. Jacob and 47% to the Sheriff. For reasons not relevant in this appeal, both parties moved for a new trial which the trial court granted.
Before the new trial, the Sheriff arranged for surveillance videos to be made of Mrs. Jacob. After securing the surveillance videos, the Sheriff scheduled Mrs. Jacob's deposition. At this deposition Mrs. Jacob was asked a number of questions about her ability to perform certain tasks that the Sheriff knew were performed on the videos. Mrs. Jacob denied being able to perform a number of the same tasks that were demonstrated on the videos. The trial court viewed the videotape and reviewed the deposition testimony and found the discrepancies constituted fraud on the court and ordered the case dismissed with prejudice. The trial court found most telling her denial of the ability to close a car door with her right hand and to sweep her driveway, which the videotape displayed her doing.
While we apply the abuse of discretion standard, Morgan v. Campbell, 816 *1169 So.2d 251, 253 (Fla. 2d DCA 2002), case law has narrowed a trial court's discretion in cases involving dismissal for fraud, Young v. Curgil, 358 So.2d 58, 59 (Fla. 3d DCA 1978) (stating that trial court's power to dismiss a case based on fraud "should be cautiously and sparingly exercised and only on the most blatant showing of fraud, pretense, collusion or other similar wrongdoing"); see also Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981) (same). A more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy. The test we are to apply is set out most succinctly by Chief Judge Griffin in Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998):
The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117-18. Because "dismissal sounds the `death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. at 1118. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992). Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances. Id.; Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994).
Viewing the facts before this court, Mrs. Jacob either knowingly perpetrated a fraud, exaggerated her injuries, or unknowingly provided video evidence that her injuries are far less severe than she may believe. Only the first of these three possibilities would support the dismissal of all claims with prejudice. See Baker v. Myers Tractor Servs., Inc., 765 So.2d 149 (Fla. 1st DCA 2000) (affirming dismissal because plaintiff knowingly, intentionally, and repeatedly concealed prior injuries to gain an unfair advantage in litigation). Trials result from factual disputes. In these disputes, the facts on one side are, at best, less true and, at worst, false or fraudulent. In nearly every intersection collision, there is only one person with the right of way. Is the fact that both drivers believe they had the right of way the result of fraud? If there are ten eyewitnesses to the collision and all agree driver A had the right of way, does that make driver B's claim fraudulent and subject to dismissal?
In this case, there is no clear and convincing evidence that Mrs. Jacob "has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox, 706 So.2d at 46 (quoting Aoude, 892 F.2d at 1118). This is not a case in which Mrs. Jacob suffered no injury. The question is the severity of her injuries. Certainly the video evidence that she is capable of performing tasks which she has denied the ability to perform lessens *1170 her credibility and the damages to which she may be entitled, but the jury should evaluate this evidence. The power to resolve disputes over the truth or falsity of claims belongs to a jury.
The same facts for which this case was dismissed would not withstand a motion for summary judgment nor a motion for directed verdict, for there are questions of material fact. More importantly to our review, the trial court's ruling in this case resulted from a review of the same deposition and videotape that we reviewed. Trial court rulings are given less deference when they are based on the same cold document record that is before the reviewing court. Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995).
In Francois v. Harris, 366 So.2d 851, 852 (Fla. 3d DCA 1979), Judge Schwartz eloquently stated the applicable principle of law: "In all but the most extreme cases, our system entrusts juries with the ultimate decisions as to whether claimed injuries are genuine or not. Our experience has demonstrated that juries deserve this trust and that they are well able to discern the truth and to render judgment accordingly." Accordingly, we reverse the dismissal with prejudice and remand for further proceedings.
Reversed and remanded.
ALTENBERND, C.J.,[1] and DAVIS and KELLY, JJ., Concur.
NOTES
[1] Chief Judge Altenbernd has been substituted for Judge Blue, who was on the original panel.