872 So.2d 344 (2004)
Jane LASCHKE and Rudolph Laschke, Appellants,
v.
R.J. REYNOLDS TOBACCO CO., a foreign corporation; Lorillard Tobacco Co., a foreign corporation; Brown & Williamson Tobacco Corp., individually and as successor by merger to The American Tobacco Co., a foreign corporation; and Liggett Group, Inc., a foreign corporation, Appellees.
No. 2D02-1804.
District Court of Appeal of Florida, Second District.
April 16, 2004.
*345 Howard M. Acosta, St. Petersburg; Kent G. Whittemore and Bruce H. Denson of Whittemore, Denson, P.A., St. Petersburg; and Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa, for Appellants.
Stephanie E. Parker of Jones, Day, Reavis & Pogue, Atlanta, Georgia; and Benjamin H. Hill, III, and Troy A. Fuhrman of Hill, Ward & Henderson, P.A., Tampa, for Appellee R.J. Reynolds Tobacco Co.
Kenneth J. Reilly of Shook, Hardy & Bacon, L.L.P., Miami; and C. Lawrence Stagg and Margaret D. Mathews of Akerman, Senterfitt & Eidson, P.A., Tampa, for Appellee Lorillard Tobacco Co.
William A. Gillen, Jr., of Gray, Harris, Robinson, Shackleford, Farrior, P.A., Tampa, for Appellee Brown & Williamson Tobacco Co.
Wayne Lee Thomas, Tampa, for Appellee Liggett Group, Inc.
DAVIS, Judge.
Jane Laschke and her husband, Rudolph Laschke, challenge the trial court order dismissing with prejudice their product liability suit against R.J. Reynolds Tobacco Company; Lorillard Tobacco Company; Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company; and Liggett Group, Inc. (collectively "the tobacco companies"). In dismissing the Laschkes' action with prejudice, the trial court found that actions taken by Mrs. Laschke amounted to a fraud on the court. Because we conclude that dismissal with prejudice was too harsh a sanction, we reverse and remand for further proceedings.
In 1996, the Laschkes filed suit against the tobacco companies for damages Mrs. Laschke sustained as the result of laryngeal cancer. The suit alleged that Mrs. Laschke had smoked cigarettes manufactured by the tobacco companies from 1956 to 1995 and that in 1995 Mrs. Laschke was diagnosed with cancer. The complaint further alleged that the cancer was the result of her cigarette smoking.
During the discovery phase of the proceedings, Mrs. Laschke apparently telephoned her oncologist's office and requested that he make a note on her medical records that her cancer was the result of cigarette smoking. She made this request of the doctor's nurse, who in turn talked to the doctor. Through his nurse, the doctor informed Mrs. Laschke that he did not retroactively change charts. However, he did state that he would testify on her behalf at trial. The nurse memorialized Mrs. Laschke's request and the doctor's response on a "sticky note" and placed the note in the file with the medical records.
After obtaining a complete copy of Mrs. Laschke's medical records from the doctor, the tobacco companies found the note. The appellees took Mrs. Laschke's deposition three years after the date of the telephone call. During that deposition, Mrs. Laschke denied asking anyone to change the medical records in any way and denied asking that something be added to the records to show that her cigarette smoking was the cause of her cancer.
The tobacco companies then moved to dismiss the Laschkes' suit alleging that Mrs. Laschke had committed fraud on the court by attempting to have her medical records "altered, defaced or falsified." To support the request for dismissal as a sanction for the alleged misconduct, the *346 tobacco companies submitted portions of the depositions of Mrs. Laschke and the oncologist's nurse.
Because it concluded that the inappropriate request to change the medical records, together with Mrs. Laschke's untruthful denial of the request made while under oath, constituted fraud on the court, the trial court granted the tobacco companies' request to dismiss the complaint with prejudice. The Laschkes now appeal the final judgment entered based on this ruling.
On appeal, the Laschkes argue that the facts of this case as presented in their motion for reconsideration do not support the finding of fraud and ask this court to reverse the trial court's ruling. We note that, due to some procedural issues not addressed herein, most of these facts were not before the trial court at the time of its ruling. It is not necessary, however, for us to address the Laschkes' argument as to the disputed facts because we conclude that, accepting the facts as found by the trial court, it was error to grant the dismissal with prejudice.
Although the trial court entered a detailed order and closely examined the case law regarding this issue, subsequent to the dismissal of the Laschkes' suit below, this court adopted a stringent standard as to what level of misconduct will justify the extreme sanction of dismissal. In Jacob v. Henderson, 840 So.2d 1167 (Fla. 2d DCA 2003), this court followed the test set forth in Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998):
The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989).... Because "dismissal sounds the `death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. at 1118. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992). Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances. Id.; Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994).
Application of this test to the facts as found by the trial court here suggests that dismissal was too harsh a sanction. The facts, as found by the trial court, do not clearly and convincingly show that Mrs. Laschke's attempt was one that, if she had been successful, would have interfered with the trier of fact's ability to impartially adjudicate the issues between the parties nor would it have unfairly "hampered" the appellees' presentation of their defense. Accordingly, the trial court, having decided this matter without the benefit of Jacob, erred in granting the dismissal with prejudice.
Reversed and remanded for further proceedings.
SALCINES, J., Concurs.
COVINGTON, J., Dissents with opinion.
COVINGTON, Judge, Dissenting.
I respectfully dissent.
*347 There are two parts to the trial court's consideration of a motion to dismiss a plaintiff's action for fraud upon the court: (1) whether the plaintiff committed fraud and (2) whether such fraud justifies dismissal of the case with prejudice.

Fraud Upon the Court
The trial court must first decide if the facts clearly and convincingly show that the plaintiff set in motion a conscious scheme calculated to improperly influence the trier of fact. Jacob, 840 So.2d at 1169 (citing Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)). The clear and convincing evidence standard is "an intermediate level of proof" that requires the evidence to be clear, credible, and "of sufficient weight to convince the trier of fact without hesitancy." In re the Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995). In reviewing a civil case in which the burden is clear and convincing evidence, the appellate court may not overturn the trial court's finding unless it is unsupported by record evidence, or if, as a matter of law, no one reasonably could find such evidence to be clear and convincing. McKesson Drug Co. v. Williams, 706 So.2d 352, 353 (Fla. 1st DCA 1998) (citing In re the Adoption of Baby E.A.W, 658 So.2d at 967). Under this standard, I cannot say the trial court erred in finding the evidence to be clear and convincing that Mrs. Laschke attempted to improperly influence the trier of fact.
After Mrs. Laschke filed suit against the tobacco companies, she asked Dr. Miller to add a note on his medical records that cigarette smoking caused the cancer. Dr. Miller's nurse testified later in deposition that Mrs. Laschke said her attorney advised that her case would be stronger if the records reflected that smoking caused the cancer. The nurse posted a "sticky note" on a page of Mrs. Laschke's records that read: "Jane Laschke asked that chart records should say her disease is a direct result of cigarettes for lawsuit." Dr. Miller replied that he could not retroactively change Mrs. Laschke's chart but that he would testify on her behalf. In Mrs. Laschke's own subsequent deposition, the tobacco companies' counsel asked, "Have you ever asked anybody to change any of [Dr. Miller's] medical records in any way... [o]r to put anything in them about cigarette smoking, or cigarette smoking as a cause of your laryngeal cancer?" Mrs. Laschke answered, "No."
In my view, the fact that Dr. Miller was willing to testify for her at trial, even though he refused to add to the records, is not, as the majority concludes, evidence that Mrs. Laschke was not attempting to mislead the trier of fact. The relevant question is not whether her doctor thought all along that smoking caused her cancer. He indeed may have thought that and even told her that. The fraud-related question, however, is whether that opinion was already in Mrs. Laschke's records before the suit.
Mrs. Laschke's telephone call to her doctor perhaps might have been excused as the actions of one not experienced with the importance of maintaining the integrity of medical records. Unfortunately, that is not all that happened here. Mrs. Laschke was specifically asked in her deposition, in three or four different ways, if she had contacted Dr. Miller's office and asked that her medical records be altered. Although initially Mrs. Laschke said in her deposition that she did not recall talking to anyone, she at least three times specifically and directly denied making such a contact or request. It is the combination of these two eventscontacting her doctor's office and then not being truthful about it in her depositionthat caused the trial court to find that Mrs. Laschke had attempted to perpetrate a fraud upon the court.
*348 The majority reasons that even if Mrs. Laschke's attempt to add to her records had been successful, it would not have interfered with the impartial adjudication of the issues or hampered the tobacco companies' defense. However, the nurse's deposition testimony that Mrs. Laschke requested the notation in the chart to make her case stronger is evidence that Mrs. Laschke thought it would make a difference. The standard for fraud upon the court does not turn on whether Mrs. Laschke's attempt to add to her records was successful. See Cox, 706 So.2d at 46.
In Cox, the plaintiff provided false and misleading information in her legal malpractice action. Id. at 44. The trial court dismissed the action for fraud upon the court. Id. Cox argued on appeal that her conduct did not constitute fraud upon the court because it did not in fact hamper the defendants' ability to defend the claim. Id. at 46. The Fifth District affirmed the trial court's dismissal of Cox's suit and pointed out "the irony of [Cox's] argument that Cox should not be punished because she failed to deceive...." Id.; see also Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1120 (1st Cir.1989) (holding "bogus agreement clearly had the capacity to influence the adjudication" and "failure of a party's corrupt plan does not immunize the defrauder from the consequences of his misconduct").
The standard for fraud upon the court is, rather, whether the facts clearly and convincingly show the plaintiff set in motion a conscious scheme calculated to improperly influence the trier of fact. See Jacob, 840 So.2d at 1169 (citing Cox, 706 So.2d at 46). In this case, the trial court was not unreasonable in concluding that when Mrs. Laschke made the telephone call asking Dr. Miller to add to her records information that supported her case against the tobacco companies, she set in motion a conscious scheme calculated to improperly influence the trier of fact. Just as the failure of the Cox plaintiff's misleading information to hamper the defendants' discovery did not expunge her fraudulent conduct, Mrs. Laschke's failure here to improperly influence the trier of fact by getting the doctor to add to her records does not expunge her fraudulent conduct in attempting to alter the records and then being dishonest about it under oath.
In my opinion, nothing in Mrs. Laschke's motion for reconsideration changes the trial court's ruling. The motion for reconsideration included an affidavit from Dr. Miller stating he told Mrs. Laschke when he examined her that smoking was a probable cause of her cancer and that although his office does not retroactively change records, her request was, in his opinion, "merely asking for clarification." The motion also points to the nurse's deposition testimony that Mrs. Laschke's request was "[n]ot to physically strike something out but to clarify.... [C]ould we make her record any clearer that smoking was a direct cause of the cancer." The motion notes the nurse's deposition statement that when she telephoned Mrs. Laschke to tell her the doctor could not change the records but would testify for her, Mrs. Laschke responded that she understood and certainly did not want to ask Dr. Miller to do anything "illegal or ... unethical or anything like that." The trial court denied the motion for reconsideration.
In my opinion, a trial court reasonably could find the evidence in this case, including that presented in the motion for reconsideration, to be clear and convincing proof of fraud upon the court. Thus, I would hold the trial court here did not err in ruling that Mrs. Laschke's conduct met that standard.

*349 Dismissal With Prejudice

The second part of the trial court's determination, once it concludes the evidence clearly and convincingly shows fraud upon the court, is its decision whether to impose a sanction as severe as dismissal with prejudice. Jacob, 840 So.2d at 1168. The trial court has discretion to dismiss the action where, in the trial court's opinion, the plaintiff's misconduct rises to a level of egregiousness that justifies dismissal. Jacob, 840 So.2d at 1169; Cox, 706 So.2d at 46.[1] This court in Morgan v. Campbell, 816 So.2d 251 (Fla. 2d DCA 2002), set forth the following standard for reviewing a trial court's imposition of sanctions under an abuse of discretion standard: "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Id. at 253 (quoting Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)).
The majority relies on this court's recent decision in Jacob, 840 So.2d 1167, in holding that Mrs. Laschke's conduct, which the trial court found to be fraud upon the court, did not justify the extreme sanction of dismissal. In Jacob, the plaintiff alleged she suffered continuing pain and partial loss of function in her arm and hand after the side mirror of a deputy sheriff's patrol car struck her in the arm. Id. at 1168. She testified in deposition that she could no longer perform certain tasks, but a surveillance video showed her performing those same tasks. Id. The trial court dismissed her case with prejudice after viewing the video. Id. This court reversed, holding the trial court abused its discretion in dismissing the case where there was no clear and convincing evidence that Mrs. Jacob had knowingly perpetrated a fraud, but rather had exaggerated her injuries or had believed her injuries were more severe than they really were, as shown by the video. Id.
The facts in this case are distinguishable from those in Jacob. This court's reversal in Jacob rests on our determination that dismissal was too harsh a sanction in the absence of clear and convincing evidence that Mrs. Jacob intentionally was dishonest in her deposition, thus knowingly perpetrating a fraud. There is no corresponding absence of clear and convincing evidence in this case. Rather, the record here supports the trial court's finding that Mrs. Laschke knowingly tried to fabricate evidence to make her case stronger and then was dishonest in deposition when she specifically denied asking the doctor to change her records or put anything in them about cigarette smoking causing her cancer.
In granting the motion to dismiss, the trial court stated that this was a "very, very serious matter." The trial court's order specifically found that it was "clear" that Mrs. Laschke "requested the change in her medical records to `make a stronger case' for her lawsuit." Then the trial court wrote:
In addition to the serious nature of the inappropriate request to change medical records and Plaintiffs' counsel's involvement in the improper request, it *350 is equally unrefuted in the record that when defense counsel asked Mrs. Laschke in her deposition if she had ever requested that her medical records be changed, she repeatedly, under oath, untruthfully denied having taken such action.
Based on these findings, the Court determines that the record is clearly and unequivocally replete with fraud and untrue statements, all of which go to the heart of Plaintiff's case, specifically causation.
I believe the trial court's finding is reasonable, even under our standard in Jacob, 840 So.2d 1167. Therefore, I would hold the trial court did not abuse its discretion in finding Mrs. Laschke's conduct serious enough to dismiss the action, and accordingly doing so.
NOTES
[1] See also Donald A. Blackwell, The "Big Lie"Contrary to What You May Have Heard on the Evening News, False and Misleading Testimony by a Civil Litigant Can and Does Have Serious Consequences, 73 Fla. B.J. 20, 22-26 (1999) (citing multiple cases, including Cox, 706 So.2d 43, and Aoude, 892 F.2d at 1118, that send a compelling message to litigants who intend to try to deceive their adversaries or the courts to "[p]roceed at your own risk, because if you are found out there is a strong probability that, at a minimum, you will forfeit your claim for relief or, in the case of deceptive defendants, your right to assert a defense").