932 So.2d 392 (2006)
Amanda MYRICK, Appellant,
v.
DIRECT GENERAL INSURANCE COMPANY, a foreign corporation, Appellee.
No. 2D05-3574.
District Court of Appeal of Florida, Second District.
March 31, 2006.
Christopher DeBari of Law Office of Papa & Gipe, P.A., Clearwater, for Appellant.
Anthony J. Russo and Dennis M. Hudson, Jr., of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for Appellee.
WALLACE, Judge.
Amanda Myrick, the plaintiff in an action for uninsured motorist benefits against Direct General Insurance Company, appeals the circuit court's order that dismissed her complaint with prejudice for fraud on the court. We reverse the circuit court's order, and we remand this case for further proceedings.
The circuit court decided to dismiss Ms. Myrick's complaint with prejudice because of alleged discrepancies between her discovery responses and the evidence developed by Direct General in its investigation of her claim. No witnesses testified at the hearing on the motion to dismiss. The circuit court reached its decision based on Ms. Myrick's interrogatory answers, her deposition, medical records, and a videotape. Because we have the same cold document record before us for review that the circuit court had, we give its ruling less deference than if it had heard witness testimony. See Jacob v. Henderson, 840 So.2d 1167, 1170 (Fla. 2d DCA 2003).
It would not add anything to the jurisprudence of this state to detail Ms. Myrick's discovery responses and the matters relied on by Direct General to show inconsistencies. It is sufficient to say that Direct General failed to demonstrate by clear and convincing evidence that Ms. Myrick had "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Id. at 1169 *393 (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)); see also Laschke v. R.J. Reynolds Tobacco Co., 872 So.2d 344, 346 (Fla. 2d DCA 2004) (reaffirming the stringent standard adopted in Jacob concerning the level of misconduct necessary to justify the extreme sanction of dismissal). For this reason, the circuit court abused its discretion in imposing the extreme sanction of dismissal with prejudice.
Reversed and remanded.
FULMER, C.J., and CASANUEVA, J., Concur.