CASANUEVA, Judge.
Hannelore Kubel sued San Marco Floor & Wall for damages she suffered in a fall allegedly caused by San Marco’s negligence. The circuit court dismissed her complaint, finding that she had committed fraud on the court. We reverse the dismissal and remand for further proceedings.
The circuit court’s basis for dismissing Mrs. Kubel’s action was that her husband had asked the surgeon who treated his wife after the fall to revise a written report the physician had provided to Mrs. Kubel’s lawyer. The report, written more than a year after the accident, discussed Mrs. Kubel’s previously-existing medical condition that caused painful tumors in her legs. But it also mentioned that the condition resulted in balance problems and caused her to fall frequently. Mr. Kubel disputed the accuracy of these statements. In his deposition, the doctor stated that Mr. Ku-bel gave him this information when his wife was admitted to the hospital after the *1064 fall. In the Kubels’ depositions, Mr. Kubel denied relating this information and Mrs. Kubel claimed she had no issue with her balance or trouble with falling. The surgeon modified his report. His new report eliminated the discussion of the contested facts, but retained the information about Mrs. Kubel’s previous medical condition.
While a circuit court has the inherent authority to dismiss a complaint for fraud, in Jacob v. Henderson, 840 So.2d 1167, 1169 (Fla. 2d DCA 2003), this court adopted a rigorous standard for determining what constitutes fraud:
The requisite fraud on the court occurs where “it can be demonstrated, clearly and convincingly, that a party has sen-tiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.” Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should “consider the proper mix of factors” and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117-18. Because “dismissal sounds the ‘death knell of the lawsuit,’ courts must reserve such strong medicine for instances where the defaulting party’s misconduct is correspondingly egregious.” Id. at 1118.
See also Howard v. Risch, 959 So.2d 308, 310-11 (Fla. 2d DCA 2007); Myrick v. Direct Gen. Ins. Co., 932 So.2d 392, 392-93 (Fla. 2d DCA 2006). Here, San Marco failed to produce clear and convincing evidence of an “unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.” See Jacob, 840 So.2d at 1169. Certainly a factual dispute exists about whether Mrs. Kubel’s preexisting condition may have contributed to the fall at the center of this lawsuit. But such matters can be “well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim.” Howard, 959 So.2d at 311.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.