CASANUEVA, Judge.
In appeal number 2D10-2397, Rita Pena and Reinaldo Pena, wife and husband, appeal the trial court’s dismissal with prejudice of their first-party insurance action against Citizens Property Insurance Company. The trial court’s order of dismissal with prejudice rested upon its conclusion that the Penas had perpetrated a fraud upon the court warranting that ultimate sanction. We affirm the trial court’s finding that the Penas perpetrated a fraud upon the court but reverse the dismissal because it was with prejudice. In doing so, we do not condone the conduct of the Penas.
In the consolidated appeal, number 2D11-1091, pursuant to Florida Rule of Appellate Procedure 9.130(a)(4) (a nonfinal order entered after final order on an authorized motion), the Penas claim that the successor judge erred in denying their motion for reconsideration of the predecessor judge’s rulings. We find no merit in their argument and affirm the successor judge’s nonfinal order without further discussion.
Background
The Penas’ home suffered considerable damage from a sinkhole while it was covered by a homeowner’s insurance policy issued by Citizens. The Penas sought coverage from Citizens under the policy to repair the damage. Citizens agreed that the policy provided coverage and that it was ultimately responsible for payment of the necessary remedial work. It advanced some money for repairs but not the full amount the Penas sought. When Citizens provided no further funds, the Penas instituted the underlying first-party insurance suit.
Throughout the pretrial period, including its two unsuccessful motions for summary judgment, Citizens contended that the Penas were not entitled to additional funds for repairs under the policy language until they entered into a contract for building stabilization and repair with a contractor. Citizens argued that dismissal was warranted because the Penas did not complete this condition precedent before filing suit. During the discovery period it became clear that the Penas had not yet hired a contractor. So Citizens filed a motion seeking dismissal with prejudice because the evidence given by the Penas *967 earlier, through affidavits and depositions relative to the existence of the necessary contract, was false. The trial court concluded that the affidavits in opposition to the summary judgment requests were false and that the Penas, through their conduct, had hampered the presentation of Citizens’ procedural defense. The trial court granted Citizens’ motion and dismissed the Penas’ suit with prejudice.
Analysis
Initially, without need for further discussion, we conclude that there was substantial, competent evidence of a clear and convincing force to support the trial court’s finding of fraud upon the court. But we disagree with the trial court that the ultimate sanction of dismissal with prejudice is warranted in this instance.
“A dismissal for fraud on the court is reviewed under a narrowed abuse of discretion standard.” Gilbert v. Eckerd Corp. of Fla., Inc., 34 So.3d 773, 775 (Fla. 4th DCA 2010). “A more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy.” Jacob v. Henderson, 840 So.2d 1167, 1169 (Fla. 2d DCA 2003). “Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances.” Id. (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)). This is so especially when a case is dismissed with prejudice. Before entering a dismissal with prejudice, a trial court is required to consider a mix of factors in order to properly balance two important public policies of this state: our much preferred policy of adjudicating disputed civil cases on the merits and the policy of maintaining the integrity of this state’s judicial system. See Gilbert, 34 So.3d at 776.
Citizens’ defense was that the Penas’ civil suit did not comply with the condition precedent set forth in the policy of insurance, i.e., that prior to instituting a civil action against Citizens under the policy, the Penas were required to hire a contractor to undertake the remediation work. Citizens established only this procedural defense and was entitled to a dismissal on procedural grounds. Citizens did not establish that there was either no breach or no damages. Precluding a substantive issue of full payment for damages on the basis of a procedural irregularity in this instance was excessive. It would have been appropriate for the trial court to either abate the cause until the condition precedent was fulfilled or dismiss the Pe-nas’ suit with leave to amend. Here, at most, the Penas’ conduct caused Citizens to expend time and money as well as suffer a delay in the disposition of the cause. But the trial court’s dismissal with prejudice precluded forever what appears to be a viable cause of action based upon a good faith dispute between the parties that is not related to the merits of the case.
Unlike most of the reported appellate decisions, the fraud here did not impact Citizens’ defense to a damages claim. These cases repeatedly discuss efforts to conceal medical injuries or conditions which impact on the issue of damages, particularly pain and suffering claims and those involving a loss of bodily function. Here, in comparison, Citizens conceded that the Penas suffered a covered injury and that it was required to pay substantial damages. Only the amount for full remediation of the property was contested.
Conclusion
We conclude that the Penas’ conduct warrants a sanction; it is the Penas’ behavior that placed at risk the dispute between them and their insurance carrier over the quantum of funds contractually required to effectuate repairs to their property. The penalty for their fraudulent conduct, in this instance, is monetary.
*968 In the context of this proceeding, the civil dispute warranting adjudication on the merits consists of the Penas’ claims for contractual damages and Citizens’ procedural defense that the Penas’ suit was instituted prematurely, before a contractual condition precedent had been met. Determining the action was indeed premature, the trial court did not err in dismissing the Penas’ claim. To that extent, the trial court’s order of dismissal maintained the court’s integrity and, as well, disposed of a disputed civil matter on its merits. However, the dismissal with prejudice, in this case’s posture, was an abuse of discretion and furthered neither important public policy. Upon remand the trial court shall consider evidence on the amount of fees and costs necessarily expended by Citizens from the filing of the premature complaint through the dismissal for its efforts in establishing the Penas’ fraud and shall enter a judgment for the lodestar amount.
Further, we do not think that, as .a creditor, Citizens should be forced to chase the Penas for reimbursement of the amounts determined by the trial court to be due. Therefore, on remand, the trial court may reinstate the suit and abate it until such time as all conditions precedent are satisfied. This will allow the Penas further time to pursue their cause on the merits and thus comply with the state’s policy of determining issues on the merits. Alternatively, the trial court may dismiss the suit with leave to amend the complaint. If the trial court chooses the former method, Citizens shall be entitled to deduct the amount of the sanction award from any final judgment for damages in favor of the Penas. If the latter method is chosen, Citizens shall be entitled to an immediate judgment for attorney’s fees and costs. Further, the trial court is not precluded from fashioning a different method to effectuate Citizens’ sanction award reimbursement.
In appeal number 2D10-2397, we reverse the final order of dismissal with prejudice and remand for further proceedings in accordance with this opinion. We affirm the nonfinal order in appeal number 2D11-1091.
MORRIS, J., Concurs specially.
WHATLEY, J., Concurs and joins in special concurrence.