MORRIS, Judge,
Specially concurring.
I concur with the majority in this case only because I am compelled to do so by our holding in Jacob v. Henderson, 840 So.2d 1167 (Fla. 2d DCA 2008).
The trial court’s conclusion that the Pe-nas’ affidavits in opposition to Citizens’ motion for summary judgment were false is supported by substantial, competent evidence. However, based on our decision in Jacob, the ultimate sanction of dismissal with prejudice was not an option under the facts of this case. Given the growing concern over the increasing frequency of this type of behavior, there may soon come a time when the legislature feels- compelled to sanction the imposition of the “death penalty” — dismissal with prejudice — for any acts of fraud on the court, regardless of their caliber. But that day has not yet come.
In Jacob, 840 So.2d at 1168, the plaintiff in a personal injury case, Mrs. Jacob, lied in a deposition about the extent of her injuries. Unfortunately for her, she had been secretly videotaped doing the very things she testified under oath that her injuries would no longer allow her to do. In reversing the trial court’s dismissal of her case with prejudice for fraud on the court, we acknowledged that her case was not one in which she suffered no injuries. Id. at 1169. Instead, the question was the *969 severity of her injuries. Therefore, we reasoned, the totality of her fraudulent testimony in her deposition and the evidence of her injuries admitted at trial should be weighed and resolved by a jury. Id. at 1170.
Although the Penas lied under oath about whether they had entered into a contract with a contractor to repair their sinkhole damage, as required by their insurance policy, it is undisputed that their home suffered sinkhole damage and that there was coverage for this damage in their policy with Citizens. As in Jacob, this is not a case in which the Penas suffered no injury. Rather, the issues are the severity of the damage, the cost to remediate it, and the assurance that the insurance proceeds would in fact be used to make the repairs. Just as in Jacob, the Penas’ fraudulent misrepresentation may be considered by the factfinder when determining their credibility as it relates to the ultimate issues in the case, if and when the case proceeds to that stage. This, coupled with the sanctions outlined by the majority, is the remedy called for under the current law in this district.
As we acknowledged in Jacob, “ ‘[b]e-cause dismissal sounds the “death knell of the lawsuit,” courts must reserve such strong medicine for instances where the defaulting party’s misconduct is correspondingly egregious.’ ” 840 So.2d at 1169 (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)).