407 So.2d 292 (1981)
TRI STAR INVESTMENTS, INC., a Florida Corporation, Appellant,
v.
Victoria E. MIELE and Regency Property Management, Inc., a Florida Corporation, Appellees.
No. 81-631.
District Court of Appeal of Florida, Second District.
December 11, 1981.
*293 R. Timothy Peters and Michael A. Smith of Goza, Hall, Peacock, Peters & Smith, P.A., Clearwater, for appellant.
No appearance for appellees.
OTT, Judge.
The court below entered a final order dismissing with prejudice this action for breach of fiduciary duty. The dismissal was based on a determination that the plaintiff, through its counsel, had falsely and fraudulently represented to the court that its corporate officers would be unable to appear at trial because of an airline strike. However, counsel stated that he was ready for trial and, in fact, was not going to ask for a continuance.
The record reveals that the trial judge then had his secretary call the airline in question. From information thus obtained, the court concluded that the statement made to the court concerning the availability of plaintiff's officers was false. No attempt was made to have an evidentiary hearing on the alleged "false representation," and thus provide the plaintiff with an opportunity to rebut the judge's hearsay information.
The law is clear that a trial court has the inherent authority to dismiss an action when fraud has been perpetrated on the court. Such power is indispensable to the proper administration of justice, because no litigant has a right to trifle with the courts. It is a power, however, which should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978). The court, however, should carefully adhere to established due process, adversarial practice, and evidentiary rules in conducting an inquiry into such charges.
Here, we believe the facts presented do not clearly imply or establish fraud and constitute an abuse of discretion. Indeed, this may be a case of poor communication between plaintiff's counsel and the trial judge, hardly warranting the harsh sanction of dismissal with prejudice.
The order of dismissal is REVERSED and the case REMANDED to the trial court for further proceedings.
GRIMES, A.C.J., and DANAHY, J., concur.