805 So.2d 882 (2001)
Susan LONG, Appellant,
v.
Todd SWOFFORD, Appellee.
No. 3D00-3313.
District Court of Appeal of Florida, Third District.
October 3, 2001.
Rehearing Denied February 26, 2002.
*883 Hoffman, Larin & Agnetti, and John B. Agnetti, and David L. Perkins, Fort Lauderdale, North Miami Beach, for appellant.
Kubicki Draper, and Angela C. Flowers, Miami, for appellee.
Before SCHWARTZ, C.J., and GERSTEN, and GODERICH, JJ.
PER CURIAM.
Susan Long ("plaintiff"), appeals an adverse order dismissing her negligence case with prejudice. We affirm, finding no abuse of discretion in the trial court's order dismissing the case for fraud.
The plaintiff filed a negligence action against appellee Todd Swofford ("defendant") seeking damages sustained when the defendant's vehicle rear-ended her car in December of 1998. The defendant disputed liability and claimed that a vehicle in front of the plaintiff's vehicle had stopped suddenly causing the accident.
At the time of the accident the plaintiff stated she was not in any pain. However, the next day, she went to a hospital complaining of neck pain, and was prescribed a soft cervical collar. A few weeks later, she visited orthopedic doctor Robert Cantana ("Cantana") complaining of lower back pain and pain radiating down her right leg. She told the doctor that she did not have any previous history of back problems or trauma, and was diagnosed with a lumbar sprain. Over a year later, the plaintiff obtained a second opinion from orthopedic doctor Gary Lustgarten ("Lustgarten"). She also told this doctor that she did not have any previous history of back problems or trauma.
In her answers to interrogatories filed in April of 2000, the plaintiff listed Dr. Michael Burton ("Burton") as providing her with treatment within the past 10 years. Burton's records revealed the plaintiff saw him approximately two weeks before the accident complaining of persistent pain in her lower back. She was diagnosed as having a lumbar sprain, the same diagnosis given by Cantana three weeks after the accident.
At her July of 2000 deposition, the plaintiff testified that prior to the accident, she never had any injuries to any part of her body where she had to see a doctor or go to a hospital. She stated she did not have any prior pains in her back and admitted telling Cantana and Lustgarten that she had no prior history of injury to her lower back.
*884 The defendant investigated the plaintiff's medical history and discovered the pre-existing condition. Based upon the discovery, the defendant moved to dismiss the plaintiff's claim for fraud. The trial court conducted a hearing, reviewed the medical records and deposition, and granted the motion. The plaintiff appeals the order granting dismissal with prejudice.
A trial court has a duty and an obligation to dismiss a cause of action based upon fraud. See Hogan v. Dollar Rent A Car Systems, Inc., 783 So.2d 1211 (Fla. 4th DCA 2001) (trial court's dismissal of personal injury action was warranted because of plaintiff's fraud regarding medical history); Desimone v. Old Dominion Ins. Co., 740 So.2d 1233 (Fla. 4th DCA 1999) (trial court's dismissal of action was justified because of plaintiff's fraud during discovery). Here, the plaintiff concealed her pre-existing back injury, during her deposition, by stating she had not received medical treatment for her back prior to the accident. See Baker v. Myers Tractor Services, Inc., 765 So.2d 149 (Fla. 1st DCA 2000) (trial court's dismissal of personal injury claim, based upon injury to plaintiff's right knee, was justified because plaintiff had lied about a pre-existing injury to his right knee); Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999) (trial court's failure to dismiss the plaintiff's action was not justified because the plaintiff had given untruthful testimony in a deposition). The plaintiff's false or misleading statement given under oath concerning issues central to her case amounted to fraud. See Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998).
Therefore, the trial court's decision to dismiss the plaintiff's claim for fraud was not an abuse of discretion. See Rosenthal v. Rodriguez, 750 So.2d 703 (Fla. 3d DCA 2000). Accordingly, we affirm the order below.
Affirmed.
GERSTEN and GODERICH, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
The appellant seems undoubtedly to have been seriously injured as a result of the defendant's negligenceeither by the imposition of an original injury or as an indivisible aggravation of a pre-existing one, see Gross v. Lyons, 763 So.2d 276 (Fla.2000), which, it is true, the plaintiff originally and wrongly secreted. Under these circumstances, I believe it was unjustified overkill to deprive her of a valuable claim because she lied when to tell the truth about it would have done her just as much good.[1] See O'Vahey v. Miller, 644 So.2d 550, 551 n. 1 (Fla. 3d DCA 1994), review denied, 654 So.2d 919 (Fla.1995); Ady's Condominium Ass'n, Inc. v. Sanchez, 784 So.2d 493 (Fla. 3d DCA 2001)(Schwartz, C.J., specially concurring). I would reverse and remand for a punishment which more closely fits the crime.
NOTES
[1] Lee v. Marcus, 396 So.2d 208, 210-211 (Fla. 3d DCA 1981).