816 So.2d 251 (2002)
Kelly MORGAN and Stephen Morgan, Appellant,
v.
Michael CAMPBELL, Stephen Albaugh, Jennie Ohlsen, and Allen Ohlsen, Appellee.
No. 2D01-480.
District Court of Appeal of Florida, Second District.
May 17, 2002.
*252 Paul P. Latvis, Tampa, for Appellants.
Matthew C. Scarborough of Scarborough Law Group, P.A., Tampa, for Appellees Michael Campbell and Stephen Albaugh.
Steven C. Brown, Sebring, for Appellees Jennie Ohlsen and Allen Ohlsen.
PARKER, Judge.
Kelly and Stephen Morgan (the Morgans) appeal the trial court's order dismissing their personal injury action with prejudice as a sanction after the trial court found that the Morgans had attempted to perpetrate a fraud on the court. The trial court's dismissal resulted in entry of a final judgment in favor of defendants Michael Campbell, Stephen Albaugh, Jennie Ohlsen, and Allen Ohlsen (the defendants). We affirm.
The Morgans sued the defendants for personal injuries allegedly arising out of a July 1996 auto accident. The parties engaged in extensive discovery in preparation for trial. In her deposition, Kelly Morgan denied that she had ever experienced neck or low back pain before the accident. While she testified at deposition that Dr. Merritt, a chiropractor, had given her preventative treatments for scoliosis six to eight times over a two-year period, she denied that Dr. Merritt had treated her for neck or low back pain and denied ever seeing any other chiropractor. During her independent medical evaluation, Kelly Morgan again denied that Dr. Merritt had ever treated her neck.
Despite this unequivocal testimony at both her deposition and her independent medical evaluation, the facts established at the evidentiary hearing on the defendants' motion for sanctions were that Dr. Merritt had treated Kelly Morgan sixteen times between June 1992 and August 1995 based on her complaints of both neck and low back pain. The facts further established *253 that Kelly Morgan sought treatment from another chiropractor in 1991. At the end of the evidentiary hearing, the trial court found:
[T]hese are not what I would refer to as oversights or simply failed memory, if you will. But it seems to be a whole line of answers that are designed to deceive and outright cover up what the records actually show. I mean, some of these questions are just, you know, pointblank....
. . . .
I don't know how more clear it can be....
. . . .
... [T]he testimony in this case appears to me to be blatantly false.
Based on this finding, the trial court dismissed the Morgans' complaint with prejudice as a sanction for their attempt to perpetrate a fraud on the court. The Morgans appeal this ruling.
A trial court has broad discretion to impose sanctions on litigants for their conduct before the court. This court reviews the trial court's imposition of sanctions under an abuse of discretion standard:
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983) (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)). Thus, the question in this case is whether the trial court abused its discretion by imposing an unreasonable sanction.
This court has held that a trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court. See Tri Star Invs. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981). This power exists because "no litigant has a right to trifle with the courts." Id. However, because of the consequences of such a dismissal, this sanction should be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." Id.
Based on the record before us, we conclude that the trial court did not abuse its discretion by imposing an unreasonable sanction. Kelly Morgan's false testimony was directly related to the central issue in the case-whether the accident in question caused her neck and low back injuries. The trial court assessed the credibility of Kelly Morgan's testimony at the evidentiary hearing in light of the record evidence and found her explanations for the discrepancies not credible. The extensive and ongoing treatments reflected in the medical records belie Kelly Morgan's contention that she "forgot" that Dr. Merritt had treated her for neck pain for years before the accident. Her explanation that she did not understand a question about "pain or problems" with her low back to require her to disclose the low back "stiffness" for which Dr. Merritt treated her for years is equally suspect.
The Morgans contend that dismissal constitutes an unreasonable sanction in this case because Kelly Morgan was truthful about some matters relating to her low back and because she admitted to some treatment by Dr. Merritt, even if she did not admit the full extent of that treatment. However, as the Fifth District has stated, *254 "[t]he integrity of the civil litigation process depends on truthful disclosure of facts." Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998). Revealing only some of the facts does not constitute "truthful disclosure." See Metro. Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999) (reversing jury verdict for the plaintiff and remanding for dismissal of the plaintiffs case because she had not revealed full and complete information to clear and unambiguous questions during discovery despite the fact that the plaintiff provided some truthful information about her treating doctors and was impeached with her misrepresentations and omissions at trial). See also Baker v. Myers Tractor Servs., Inc., 765 So.2d 149 (Fla. 1st DCA 2000) (affirming dismissal of case based on plaintiffs false statements during his deposition despite the fact that he filed a belated errata sheet to that deposition in which he corrected his false statements).
Based on the half-truths Kelly Morgan told during discovery, the Morgans have not shown that the trial court abused its discretion by imposing an unreasonable sanction.
Affirmed.
STRINGER, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur with the majority in this opinion with some hesitation. Kelly Morgan did not conceal the existence of her chiropractor from the defendant; she did misrepresent under oath the nature and extent of her prior treatment. Because she disclosed the identity of the chiropractor, the defendant was fully able to determine the truth. There is little question in my mind that twenty-five years ago these circumstances would have given the defense lawyer a wonderful topic for cross-examination, but the case still would have proceeded to trial by jury. The courts have gradually become more willing to use the ultimate sanction of dismissal with prejudice against plaintiffs who play fast and loose with the truth.
I am concerned that if judges are permitted to take cases from the jury under these circumstances, the rule should apply equally to defendants. The case law should authorize plaintiffs to obtain orders defaulting defendants on the issues of liability and comparative negligence for the same misconduct that would result in the dismissal of a plaintiffs action. I am not confident that the current case law is subjecting both sides to equal sanctions for equivalent misconduct.