SHARP, W., J.
Brown appeals from the trial court’s dismissal of his lawsuit with prejudice against Allstate Insurance Company because Brown made intentional misrepresentations as to material facts during his deposition. We affirm.
Brown sued Allstate, his insurer, for uninsured motorist benefits and personal injury protection benefits after having been injured in an automobile accident which occurred on March 3, 1998 in Orlando, Florida. A major part of his claim against Allstate was for lost wages. Allstate paid Brown $3,000 for lost wages under PIP coverage. According to Allstate he was claiming an additional $10,000 to $13,000 for having lost his job due to the accident and being unable to return to work because of the accident.
*1265 During his deposition, Brown testified he was working for PSD Vans as a truck driver at the time of the accident. However, at the hearing on Allstate’s motion to dismiss, Allstate produced records showing Brown’s employment had been terminated the day before the accident.
The court concluded that Brown knowingly and intentionally concealed his lack of employment at the time of the accident. It also found the misrepresentation was central to the issue of lost wages and that issue was an integral part of his claim against Allstate.
The record supports the trial court’s findings and its dismissal of the case with prejudice. See Morgan v. Campbell, 816 So.2d 251 (Fla. 2d DCA 2002) (power to dismiss an action as the sanction for fraud exists because no litigant has the right to trifle with the court); Long v. Swofford, 805 So.2d 882 (Fla. 3d DCA 2001) (court has a duty and obligation to dismiss a cause of action based on fraud); Cabrerizo v. Fortune International Realty, 760 So.2d 228 (Fla. 3d DCA 2000) (parties who are guilty of fraud or misconduct should not be permitted to employ the very institution they have subverted to achieve their end); Cox v. Burke, 706 So.2d 43 (Fla. 5th DCA 1998) (where party lies about matter pertinent to his own claim or a portion of it, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper). Review of the trial court’s action is under an abuse of discretion standard. Morgan; Baker v. Myers Tractor Services, Inc., 765 So.2d 149 (Fla. 1st DCA 2000).
AFFIRMED.
SAWAYA and ORFINGER, JJ„ concur.