907 So.2d 699 (2005)
Charles McKNIGHT, Appellant,
v.
Karen EVANCHECK and Steve Wayne Evancheck, Appellees.
No. 4D04-1728.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
Evan J. Langbein of Langbein & Langbein, P.A., Miami, and Kroop & Scheinberg, P.A., Miami Beach, for appellant.
*700 Robert I. Buchsbaum of Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A., Hollywood, for appellee.
WARNER, J.
We affirm the trial court's dismissal with prejudice of appellant's complaint for automobile negligence because of fraud on the court. The court did so because it found that appellant lied about his extensive medical history, which had a direct bearing on his claim for damages.
Charles McKnight filed suit against appellees alleging injuries caused by an automobile accident. Both in his deposition and in his answers to interrogatories, he denied having been hospitalized or having prior medical problems, other than an old high school injury. However, the appellees discovered and produced substantial medical records from the prison where appellant was incarcerated, showing an extensive medical history. In particular, the records showed that he had extensive medical problems and received medical treatment for back pain, headaches, and other ailments. He even had knee surgery while incarcerated. Because he maintained that the automobile accident, which was the basis of his claim, caused him neck and lower back pain as well as frequent headaches, the prison records were directly contrary to his sworn testimony.
The trial court may dismiss a plaintiff's entire case when the "`party perpetrates a fraud on the court which permeates the entire proceedings.'" Vieira v. Doe, 813 So.2d 1030, 1031 (Fla. 4th DCA 2002) (quoting Savino v. Fla. Drive In Theatre Mgmt., Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997)). "The requisite fraud on the court occurs where `it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" Arzuman v. Saud, 843 So.2d 950, 952 (Fla. 4th DCA 2003) (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)). "Because `dismissal sounds the "death knell of the lawsuit," courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious.'" Id. (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction "only in extreme circumstances." Id.
This case is similar to Morgan v. Campbell, 816 So.2d 251 (Fla. 2d DCA 2002). There, Ms. Morgan and her husband sued defendants for injuries resulting from an automobile accident. In deposition, Ms. Morgan testified that she never had neck or low back pain before the accident. She admitted receiving treatment from a chiropractor for scoliosis, but claimed the doctor never treated her for neck or low back pain. She denied receiving treatment from any other chiropractors. Ms. Morgan made the same representations during her independent medical evaluation. At an evidentiary hearing, evidence was presented that Ms. Morgan had received treatment from her chiropractor for neck and low back pain. Evidence was also presented that she received treatment from another chiropractor. The trial court found Ms. Morgan intentionally misrepresented her medical testimony in an attempt to deceive the court and dismissed the plaintiffs' complaint with prejudice as a sanction. Id. at 253.
The second district affirmed the trial court's imposition of this severe sanction. It found Ms. Morgan's "false testimony *701 was directly related to the central issue in the case-whether the accident in question caused her neck and low back injuries." Id. It stated "[t]he trial court assessed the credibility of [Ms.] Morgan's testimony at the evidentiary hearing in light of the record evidence and found her explanations for the discrepancies not credible." Id. Because appellants did not demonstrate the court's credibility determination was an abuse of discretion, the second district affirmed the lower court.
The only significant difference between this case and Morgan is that the trial court in Morgan held an evidentiary hearing, so the trial court could judge Ms. Morgan's credibility. Here, no evidentiary hearing was requested by appellant, his only response being that the prison medical records were not as significant as they seemed and really did not go to the essence of his injury claims in the automobile case. He claimed that the jury should evaluate his credibility. The trial court disagreed, given the extent of his misrepresentations.
Appellant cites to cases which hold that dismissal is too severe a sanction where it is not shown that the opposing party was unfairly "hampered" by the misrepresentations of the plaintiff. See Laschke v. R.J. Reynolds Tobacco Co., 872 So.2d 344 (Fla. 2d DCA 2004). However, in this case, appellant's misrepresentations, if they had been successful, would have interfered with the jury's ability to adjudicate the issues. To prevail on his claim, McKnight must prove that the accident caused the injuries raised in his complaint, namely neck pain, low back pain, and headaches. Evidence that these injuries existed prior to the accident would create an issue as to McKnight's claim that the injuries resulted from the accident. Thus, by keeping evidence of his medical history from the jury, McKnight would be interfering with the jury's ability to adjudicate the pertinent issues.
Because the trial court was within its discretion to determine that the misrepresentations made by McKnight permeated the case, we affirm the trial court's dismissal of the action.
Affirmed.
GUNTHER and POLEN, JJ., concur.