WELLS, J.
Joses Marshall Laurore appeals from an order dismissing as a sanction for fraud, his single-count negligence action to recover the damages he allegedly sustained in a reai'-end automobile collision. While we agree that some of Laurore’s damage claims might properly be stricken, dismissal of the action cannot be justified on the record before us.
According to the complaint and related discovery, in March 2005, Laurore’s car was struck from behind by Carlos Hervís, who was driving a van owned or leased by his employer, Brickell Motors Corporation. The accident allegedly occurred on a clear day in broad daylight after Laurore (and the traffic in front of him) came to a stop on Interstate 95 near downtown Miami. Because Laurore was able to drive his car and did not appear to be injured, he and Hervís, again allegedly, agreed not to involve either the police or their insurance carriers, although Hervís did purportedly agree that either he or his employer would pay to repair Laurore’s car.
Laurore, while claiming to have been bruised and stiff a day or two after the accident, did not seek medical attention until some four months after the accident. An MRI performed at that time showed herniations of Laurore’s C3-C4, C4-C5, C5-C6, and C6-C7 discs, injuries which Laurore claims were caused by the March 2005 accident. Laurore thereafter brought suit against Hervís and Brickell Motors seeking to recover damages for “serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a preexisting condition.” In response to interrogatories propounded by Hervís and Brickell Motors, Laurore claimed that he had suffered from no disabilities prior to the accident and that he had received no payments from anyone for any disability:
6. Were you suffering from physical infirmity, disability, or sickness at the time of the accident described in the *864 complaint? If so, what was the nature of the infirmity, disability, or sickness?
[Response:] No.
[[Image here]]
14. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?....
[Response:] None has been paid....
These responses, as Laurore has since confirmed, are untrue. In fact, at the time of the accident, because of job related, mental stress, Laurore had been determined to be unfit either to drive or for any occupation, and had been declared totally disabled by his employer, BellSouth. He was receiving disability pay. At the same time, he was also in training with the Miami-Dade County Transit Authority to become a bus driver.
As part of this action, Laurore sought a damage award for, among other things, lost wages. Yet, despite this claim, Lau-rore testified at his deposition that following the accident he did not miss any training to become a bus driver, nor did he miss work for medical testing or therapy. Based on Laurore’s deposition testimony and his answers to interrogatories, Hervís and Brickell Motors moved to dismiss the entire action as a fraud on the court, or alternatively for an order striking Lau-rore’s past and future lost wages and lost earning capacity claims. The action was dismissed with prejudice for fraud on the court.
While we agree that Laurore’s responses to the interrogatories and deposition questions might preclude some of his damage claims, we do not agree that they touch on the issue of liability or all of his damage claims so as to justify dismissal of the entire action with prejudice.[1] A trial court’s power to dismiss a case based on fraud should be cautiously and sparingly exercised and then only on “the most blatant showing of fraud, pretense, collusion or other similar wrongdoing.” Young v. Curgil, 358 So.2d 58, 59 (Fla. 3d DCA 1978); see also Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981) (same). In this case, the record does not demonstrate that Laurore “sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense” so as to deprive him of a trial on a claim with apparent merit. See Jacob v. Henderson, 840 So.2d 1167, 1169 (Fla. 2d DCA 2003) (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)).
We therefore reverse the order dismissing this action with prejudice and remand for reinstatement of the action and for a determination of which, if any, of Lau-rore’s damage claims should be stricken.
SCHWARTZ, Senior Judge, concurs.

. We find that Long v. Swofford, 805 So.2d 882 (Fla. 3d DCA 2001), is distinguishable on this point. In Long, the plaintiff sought damages for lower back injuries allegedly caused by an automobile accident. During her deposition the plaintiff concealed her pre-existing back injury by stating that she had not received medical treatment for her back prior to the accident in question. This Court found that the lower court did not abuse its discretion in dismissing the negligence claim for fraud. Id. at 884. We find Long inapplicable here, where Laurore's undisclosed condition was mental health related, and where there is no suggestion at this juncture that Laurore's back injuries (and the medical expenses related thereto) do not exist or that they either predated this accident or were caused by some other event.