BOWMAN, JOHN, Associate Judge.
 

 Dany Gilbert timely appeals the final order granting Eckerd Corporation of Florida, Inc.’s verified motion to dismiss for fraud and dismissing her complaint with prejudice. We reverse and remand for further proceedings.
 

 In March 2003, Dany Gilbert allegedly tripped and fell while walking into an Eckerd store in Lake Worth. She filed a negligence suit against Eckerd seeking damages for injuries and losses she sustained from the fall.
 

 As part of her claim for damages, Dany sought lost wages in the amount of $427,974.56, inclusive of past and future lost wages. She calculated that amount based on her disputed two-month employment with Gold Coast Surfaces, Inc., a company that sells and installs decorative concrete coatings. In her deposition, Dany testified that she worked at Gold Coast as a salesperson during January and February 2003. A Gold Coast employee named Tina hired her and was her immediate supervisor. She was working on twelve percent commission and estimated that she earned about $1600 during her two-month employment. As a result of the fall at Eckerd, in which she injured her hands, she could no longer carry concrete samples, so she quit her job at Gold Coast. She tendered her resignation to Tina. Pri- or to her employment at Gold Coast, she had not worked since 1996.
 

 Eckerd deposed Larry Gilbert, Dany’s husband, shortly after Dany’s deposition. He testified that Dany never worked for Gold Coast and had not worked at all since 1999. Larry also testified that he owns a business called Santa Fe Texture, Coating and Concrete, which acts as an independent contractor for Gold Coast. He stated that his wife never worked for Santa Fe, either. Eckerd also deposed Richard Schulty, the owner and general manager of Gold Coast. Schulty testified that he never hired Dany as either an employee or
 
 *775
 
 independent contractor. He has no record of Dany ever working at Gold Coast.
 

 Tina Davis, sales manager for Gold Coast during January and February 2003, filed an affidavit stating that she never hired, trained, or supervised Dany, and that Dany was never employed by Gold Coast in any capacity. She also stated that she was the only “Tina” working for Gold Coast in 2003. Finally, she stated that Dany never tendered resignation to her.
 

 As a result of the dispute over Dany’s employment at Gold Coast, Eckerd filed a verified motion to dismiss for fraud. In the motion, Eckerd asserted that Dany never worked for Gold Coast, and that her claim for lost wages was a knowing and deliberate misrepresentation which constituted a fraud on the court.
 

 In response to the motion to dismiss, Dany produced photocopies of two checks made payable to her from Gold Coast, dated May 13, 2003 and May 20, 2003. The checks totaled $1,734.12. On her 2003 tax return, Dany reported $1,734 from Gold Coast as “other income” on Statement 1. She referenced Statement 1 on the income section of her 1040 form. She also reported $1,734 on Schedule SE for assessment of self-employment tax, although she did not list the origin of the income on that schedule. Dany filed her 2003 return as “married filing separately.”
 

 In his deposition, Schulty explained that the checks made payable to Dany were actually for work performed by Larry. He further explained that Larry asked him to make his first few checks payable to Dany so that she could run them through her psychiatry business. Neither Dany nor Larry testified that Dany ever ran a psychiatry business.
 

 Larry filed an affidavit in which he corroborated Schulty’s testimony about the checks. Attached to his affidavit was a fax from Maggie Lima (a Gold Coast employee) to someone named “Karen” directing Karen to cancel the two checks made payable to Dany and to issue a check to Larry. On the fax, Schulty handwrote a note saying “Karen, per our conversation OK to cut commission agent check to Lawrence Gilbert.”
 

 After a non-evidentiary hearing on the motion to dismiss for fraud, the court granted the motion and dismissed Dany’s complaint with prejudice. This appeal follows.
 

 A dismissal for fraud on the court is reviewed under a narrowed abuse of discretion standard.
 
 Cherubino v. Fenstersheib & Fox, P.A.,
 
 925 So.2d 1066, 1068 (Fla. 4th DCA 2006). “Such sanction may be imposed only on a ‘clear showing of fraud, pretense, collusion, or similar wrongdoing.’ ”
 
 Bob Montgomery Real Estate v. Djokic,
 
 858 So.2d 371, 374 (Fla. 4th DCA 2003) (quoting
 
 Tri Star Invs., Inc. v. Miele,
 
 407 So.2d 292, 293 (Fla. 2d DCA 1981)). In other words, the extreme sanction of dismissal should be imposed only where “it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier [of fact] or unfairly hampering the presentation of the opposing party’s claim or defense.”
 
 Aoude v. Mobil Oil Corp.,
 
 892 F.2d 1115, 1118 (1st Cir.1989);
 
 see also Cox v. Burke,
 
 706 So.2d 43, 46 (Fla. 5th DCA 1998). The scheme must go to the very core issue at trial. To support a dismissal the court must find the “false testimony was directly related to the central issue in the case.”
 
 Morgan v. Campbell,
 
 816 So.2d 251, 253 (Fla. 2d DCA 2002);
 
 see also Ramey v. Haverty Furniture Cos.,
 
 993 So.2d 1014, 1019 (Fla. 2d
 
 *776
 
 DCA 2008). It is the moving party’s burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal.
 
 Cross v. Pumpco, Inc.,
 
 910 So.2d 324, 327 (Fla. 4th DCA 2005).
 

 “When reviewing a case for fraud, the court should ‘consider the proper mix of factors’ and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system.”
 
 Cox,
 
 706 So.2d at 46 (quoting
 
 Aoude,
 
 892 F.2d at 1117). “Except in the most extreme cases, where it appears that the process of trial has itself been subverted, factual inconsistencies, even false statements are well managed through the use of impeachment and traditional discovery sanctions.”
 
 Ruiz v. City of Orlando,
 
 859 So.2d 574, 576 (Fla. 5th DCA 2003).
 

 We note that, as a preliminary matter, if the motion to dismiss for fraud would not likewise survive a motion for summary judgment, the trial court should presume the matter not subject to dismissal.
 
 See Jacob v. Henderson,
 
 840 So.2d 1167, 1170 (Fla. 2d DCA 2003) (“The same facts for which this case was dismissed would not withstand a motion for summary judgment nor a motion for directed verdict, for there are questions of material fact.”). The mere conflict between discovery depositions, interrogatories and records disclosed during the discovery process should not warrant dismissal.
 
 See Ramey,
 
 993 So.2d at 1021-22 (Altenbernd, J., concurring). Factual inconsistencies or even false statements are better managed through the use of impeachment or other discovery sanctions.
 
 See Ruiz,
 
 859 So.2d at 576.
 

 The evidence advanced for Eckerd’s motion to dismiss was produced through the normal discovery process. There is no allegation that Dany’s discovery answers were manufactured to intentionally mislead the tribunal. It is undeniable that Eckerd produced evidence indicating that Dany never worked for Gold Coast as a salesperson or in any other capacity. Nevertheless, Dany also produced evidence that she did work for Gold Coast, specifically the two checks made payable to her and her 2003 income tax return. Eckerd explained that the checks were really meant for Larry and were only made out to Dany as a favor to Larry. However, Eckerd did not explain why Dany reported the income from those checks on her 2003 tax return as self-employment income. The lack of explanation distinguishes this case from cases where fraud or misrepresentation is uncontroverted.
 
 See, e.g., Brown v. Allstate Ins. Co.,
 
 838 So.2d 1264, 1265 (Fla. 5th DCA 2003) (where the insurer produced uncontroverted evidence that the plaintiff was not employed at the time of his accident).
 

 The trial court did not make any express oral or written findings of fact. At the conclusion of the non-evidentiary hearing, the court stated, “[djefendant’s motion to dismiss is granted.” The court’s written order is also non-specific. It states that Dany “has made deliberate misrepresentations and has given false testimony in this matter on critical issues; which amounts to a willful perpetration of a fraud upon [the court] requiring a sanction of involuntary dismissal.” Thus, the court never expressly dealt with the unanswered question about Dany’s checks and tax return.
 

 There is “no rule, statute, or case” that requires an evidentiary hearing to be held when a motion to dismiss for fraud is filed.
 
 Bologna v. Schlanger,
 
 995 So.2d 526, 532 (Fla. 5th DCA 2008) (Thompson, J., dissenting);
 
 see McKnight v. Evancheck,
 
 907 So.2d 699, 701 (Fla. 4th DCA 2005) (suggesting that an evidentiary hear
 
 *777
 
 ing is not necessary on a motion to dismiss for fraud where neither party requests such a hearing);
 
 Savino v. Fla. Drive In Theatre Mgmt., Inc.,
 
 697 So.2d 1011, 1012 (Fla. 4th DCA 1997). However, we believe the better practice is for the trial court to conduct an evidentiary hearing on the motion and make specific findings. “The minimal amount of admissible evidence before the court did not authorize the court to dismiss this action as a sanction.”
 
 Howard v. Risch,
 
 959 So.2d 308, 309 (Fla. 2d DCA 2007);
 
 see Villasenor v. Martinez,
 
 991 So.2d 433, 436 (Fla. 5th DCA 2008) (suggesting that an evidentiary hearing is necessary to resolve certain factual disputes on a motion to dismiss for fraud, even where neither party requests the hearing);
 
 Bologna,
 
 995 So.2d at 528 (noting that an evidentiary hearing is almost always necessary to provide clear and convincing evidence to support dismissal for fraud). Although not required, an eviden-tiary hearing might have given Dany the opportunity to respond to Eckerd’s evidence regarding her employment at Gold Coast.
 

 Eckerd did not produce clear and convincing evidence that Dany perpetrated a fraud on the court because it failed to provide an explanation for the income Dany reported on her tax return from Gold Coast. Moreover, the trial court did not expressly resolve this issue in its dismissal order. We therefore reverse and remand for further proceedings.
 

 Reversed and Remanded.
 

 FARMER and HAZOURI, JJ., concur.