May, J.
The plaintiffs appeal a final judgment of dismissal. They argue the trial court erred in dismissing their complaint for fraud upon the court. We affirm.
The plaintiff and her husband filed a negligence complaint against the defendant after a minor automobile accident. The plaintiff alleged she suffered neck and back injuries.
The accident was minor. The plaintiff was not transported from the scene and was able to return to work the next day. She did not begin receiving chiropractic treatment for her neck and back until two weeks after the accident. A few months later, the plaintiff had neck surgery.
In response to interrogatories, the plaintiff identified a prior worker’s compensation claim in 1987 or 1988, in which she injured her left arm. She did not include any information about neck or back injuries. During her deposition, the plaintiff failed to mention any neck or back injuries, but stated she had only two prior injuries, an ankle and a left arm injury. She did not recall ever experiencing neck or back pain prior to the accident.
Records from the State of Florida’s Division of Worker’s Compensation however revealed the plaintiff filed two worker’s compensation claims, one in 1989 and another in 1993, in which she complained of a cervical spine injury. The records contained a deposition from her former chiropractor, who testified that he treated her for a neck injury two to three days a week for nine months. She was treated more than seventy times for the cervical spine injury. She complained of “rather significant neck pain.” Her chiropractor concluded she had a seven percent impairment of her whole body related to her cervical spine.
Records from Indian River Medical Center revealed the plaintiff was treated for back-related injuries in 1991 and 2006, while billing records from Gilmore Chiropractic revealed she received chiropractic treatment several times during 2004. The plaintiff denied ever visiting a chiropractor prior to the accident.
The defendant moved to dismiss the plaintiffs’ complaint ■ for fraud upon the court and attached the billing history and records of the plaintiffs prior treatments. At the evidentiary hearing, the plaintiff reviewed the records, but continued to deny ever having any prior back or neck injuries or treatment. She was able to recall suffering from a prior arm injury in the 1980’s, which was referenced in the same medical records as the prior spine injury that she could not recall.
The trial court found the plaintiffs alleged memory lapses were selective and *256 her failure to disclose was intentional and untruthful. The court dismissed the complaint with prejudice. From this judgment, the plaintiffs now appeal.
The plaintiffs argue the trial court abused its discretion in dismissing the complaint with prejudice because the defendant did not show clear and convincing evidence that her failure to disclose prior injuries and medical treatment was attributable to fraud rather than a failed memory. The defendant responds that the plaintiff perpetrated a fraud upon the court, warranting the dismissal of the complaint with prejudice.
A trial court’s decision to dismiss a case for fraud upon the court is reviewed under a narrowed abuse of discretion standard. Gilbert v. Eckerd Corp. of Fla., Inc., 34 So.3d 773, 775 (Fla. 4th DCA 2010).
Fraud upon the court occurs when the evidence clearly and convincingly shows a party schemed to interfere with the court’s ability to impartially adjudicate by intentionally hampering the presentation of the opposing party’s defense. Herman v. Intracoastal Cardiology Ctr., 121 So.3d 583, 588 (Fla. 4th DCA 2013). Where repeated fabrications undermine the integrity of a party’s entire case, a dismissal for fraud upon the court is proper. Id.
Here, the trial court heard testimony and reviewed records documenting the plaintiffs prior neck and back injuries. The trial court determined the plaintiffs repeated failure to disclose prior back and neck injuries and treatments were intentional and untruthful. Clear and convincing evidence supports the trial court’s decision to dismiss the complaint.
Not only did the plaintiff fail to disclose any prior neck or back injury, she continued to deny these injuries when confronted by records and medical bills related to those injuries. Her disclosed arm injury was contained in the same medical records as her prior neck injury. The trial court did not abuse its discretion in dismissing the plaintiffs’ complaint.
This case is similar to Ramey v. Haverty Furniture Cos., Inc., 993 So.2d 1014 (Fla. 2d DCA 2008). There, the plaintiff denied ever being treated for head or neck pain despite being prescribed several medications for headaches, receiving a CT scan, and visiting doctors over the span of several years. Id. at 1015-16. The court dismissed the complaint for fraud upon the court. Id. at 1021. While people are not required to remember every specific ailment from their lives, the plaintiffs memory failure was not an isolated incident. Id. at 1017.
Here, the plaintiff did not suffer from one isolated incident of neck and back pain. Rather, the records and bills established she suffered from years of documented pain and corresponding treatment. She denied reality even when confronted with the evidence.

Affirmed.

Klingensmith and Kuntz, JJ., concur.