DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ETIANY MARIA ELOI ZUFI,**
Appellant,

v.

**ROBIN GABRIEL STOCKTON** and **RON KENDALL MASONRY, INC.,**
a Florida for-profit corporation,
Appellees.

No. 4D2024-0842

[January 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE-22-008236.

Jack A. Krumbein of Campione Law P.A., Jacksonville, for appellant.

Jeremy W. Harris and Adam R. Schlossberg of Lydecker LLP, Miami, for appellees.

CONNER, J.

We reverse the trial court's dismissal of the plaintiff's personal injury action for fraud on the court because the alleged fraud was not clearly and convincingly proven by competent, substantial evidence. The trial court's failure to hold an evidentiary hearing is not, by itself, a basis for reversal because live testimony is not always required for such dismissals.[1] But the outcome of this appeal may have been different had the trial court conducted an evidentiary hearing with live testimony. An evidentiary hearing would have provided the trial court an opportunity to evaluate the plaintiff's credibility regarding asserted explanations for the omissions and

---

[1] The initial brief asserts an "evidentiary hearing" was conducted to resolve the motion to dismiss for fraud on the court. The answer brief does not dispute that assertion. It is true the trial court considered discovery responses, deposition testimony, accident reports, and insurance claim reports in ruling on the motion. Arguably speaking, those submissions could be considered "evidence." However, as used in this opinion, the phrase "evidentiary hearing" is intended to mean the presentation of live testimony, in addition to documentary evidence.

discrepancies asserted by the defendants as proof of an intentional scheme to defraud. As to the claim that the plaintiff's deception prejudiced the defendants, the record shows the purported deception was due to the defendants' imprecise discovery requests, and any prejudice was the result of waiting until a few months before trial to depose the plaintiff. Instead of dismissing the case with prejudice for fraud on the court, the trial court should have extended discovery deadlines and the trial's start date.

## *Background*

The plaintiff sued the defendants for injuries which she sustained when her vehicle was rear-ended.

The defendants' answer and affirmative defenses contended that the plaintiff's injuries were not related to the accident and instead were caused by prior, intervening, or superseding events, and that the plaintiff's treatment and medical bills were not causally related to the accident alleged in the complaint. During the litigation, the defendants maintained the limited damage to the vehicles showed the force of impact was not severe enough to cause the injuries claimed by the plaintiff.

Pertinent to this appeal, the defendants propounded the following discovery interrogatory to the plaintiff: "Please state whether or not you have been involved in any accidents resulting in injury, whether automobile, slip/trip and fall or any other kind, either before or after the incident described in the Complaint." (Emphasis added). The plaintiff responded "None."

During discovery, the plaintiff did not oppose the defendants' subpoena seeking documents from the plaintiff's automobile insurer regarding prior accidents.

The defendants deposed the plaintiff two years after the accident, thirteen months after suit was filed, and five months before trial was to begin. When asked if she had been involved in any prior car accidents, the plaintiff testified a car had hit her car in Broward County but she could not recall any other details, including exactly when and where or how the accident occurred. When pressed by opposing counsel, she responded: "Like I said before, I do not recall this episode, but I know there was not much damages to the vehicle or to people."

After the plaintiff's deposition, defense counsel asked plaintiff's counsel for more information about the Broward County accident, prompting plaintiff's counsel to investigate that accident. Plaintiff's counsel

discovered an accident report for a <u>Palm Beach County</u> accident involving the plaintiff in February 2020.[2]  In the Palm Beach County accident, another vehicle sideswiped the plaintiff's vehicle with minimal damage. The plaintiff did not mention this accident during her deposition.

Approximately six weeks after the plaintiff's deposition, the plaintiff provided the defendants with a copy of the Palm Beach County accident report.  The plaintiff's husband also disclosed the Palm Beach County accident during his deposition (but was not aware of other prior accidents).

The defendants also uncovered the accident report for the Broward County accident which the plaintiff had vaguely described during her deposition.  The Broward County accident had occurred in January 2020. The report stated the plaintiff had been rear-ended at a stop sign, resulting in the other vehicle being towed.  The defendants also received from the plaintiff's insurer a vehicle damage report stating the plaintiff's bumper and muffler had sustained $728.87 in damage from that accident.

Approximately one month before trial was to begin, the defendants moved to dismiss the complaint for fraud on the court.  The motion alleged that the plaintiff claimed the accident sued upon had caused back and neck injuries, as well as a traumatic brain injury.  The defendants argued that, although the plaintiff claimed to have memory issues, she "can clearly remember the facts that are in favor of her claim but cannot recall any facts that may cause detriment to her claim."  The defendants accused the plaintiff of fraud on the court for failing to disclose the two prior 2020 accidents in discovery, and to her treating physician and the defendants' medical expert conducting a court-ordered medical examination (CME). The defendants especially focused on the plaintiff's failure to disclose during her deposition that she was in a vehicle accident in Palm Beach County in February 2020.  The defendants also cited the plaintiff's deposition testimony about the Broward County accident, highlighting her failure to recall any details about the accident except it did not result in

---

[2] We note the defendants' motion to dismiss alleged that, after the plaintiff's deposition, the defendants made a Broward County public records request for any accidents in which the plaintiff had been involved within two years of the subject accident (the accident sued upon occurred in August 2021).  Initially, no records were found for the 2020 accident.  But the defendants eventually obtained an accident report for that accident.  Nothing in the record explains why the initial public records request regarding the Broward County 2020 accident did not yield the accident report.

injuries or damage, yet her insurer processed a vehicle damage claim for $728.87.[3]

The motion to dismiss argued the plaintiff had engaged in multiple instances of intentional misrepresentations and omissions which demonstrated an intentional scheme to commit fraud on the court meriting dismissal.

The plaintiff's written opposition to the motion argued the defendants' interrogatory had asked for accidents <u>resulting in injury</u>, not all accidents. The plaintiff also argued she had been forthcoming in her deposition about prior accidents but simply did not recall the events and had not made intentionally false representations. The plaintiff further argued she had not intentionally omitted information when discussing her injuries with her treating physician because none of the prior accidents had resulted in injury. The plaintiff also argued the defendants' own expert indicated in his report that he had only asked the plaintiff about prior accidents resulting in injury.

The plaintiff's written opposition objected to the admissibility of the CME report, the two accident reports, and her insurer's claim file. The plaintiff also argued the defendants could cross-examine her at trial on any inconsistencies in her testimony and dismissal as a sanction for fraud on the court was too severe given the facts of the case. In support of her opposition, the plaintiff filed her full deposition transcript, arguing her testimony was being taken out of context.

No witnesses were called to testify at the hearing on the motion to dismiss. At the hearing, the defendants acknowledged that the plaintiff had mentioned the Broward County accident in her deposition, but argued she had lied about the degree of damage to the vehicles and outright denied the existence of the Palm Beach County accident. The defendants characterized this evasiveness, combined with the plaintiff's interrogatory response, as a "scheme" which prejudiced their preparation because the case was only a few months away from trial when the plaintiff was deposed, and all other experts and witnesses had already been deposed.

The plaintiff argued she had not engaged in a scheme to defraud. Instead, she argued her memory during her deposition had been foggy on

---

[3] We note that the plaintiff moved to South Florida from Brazil a few years before the two 2020 accidents. She testified that she spoke very little English in 2020, and had called her husband to come to the scene of both accidents to communicate for her with investigating officers.

her prior accidents due to injuries sustained in the accident sued upon, and she had testified as to what she remembered. Both prior accidents were much more minor than the accident sued upon, and she had not been injured in either prior accident. The plaintiff pointed out the defendants had not sought any follow-up discovery or asked to re-depose the plaintiff, but simply moved to dismiss the case.

The plaintiff also argued the defendants' expert had only asked her about prior accidents with injuries, not accidents without injuries, and she had not mentioned the prior accidents to her treating physician because she had not sought any treatment following those accidents. The plaintiff argued the Broward County insurance claim included documented property damage but had not included a claim for medical treatment.

The plaintiff argued any discrepancies in her statements regarding the prior accidents were best left to a jury to determine credibility and did not demonstrate a scheme meriting dismissal.

The trial court ruled from the bench, stating it would grant the motion to dismiss for the reasons argued by the defendants.

The trial court's written dismissal order mirrored the factual allegations in the motion to dismiss. The order concluded: "The facts outlined above meet th[e] standard [for dismissal for fraud on the court], as Plaintiff sentiently set into motion a scheme to defraud this Court and hamper the defense of this case." Significantly, the order made no credibility findings, nor did it find the evidence supporting dismissal was clear and convincing.

After the trial court denied rehearing, the plaintiff gave notice of appeal.

### *Appellate Analysis*

The plaintiff argues the trial court erred in dismissing the case because the defendants did not present clear and convincing evidence of fraud. Instead, the evidence showed testimonial inconsistencies and discrepancies, and omissions due to poor memory. The defendants counter that the trial court properly dismissed the case because the defendants proved the plaintiff had sentiently set into motion a scheme to defraud the trial court and hamper their defense.

> "A trial court's dismissal of a claim for fraud upon the court is reviewed under a more stringent abuse of discretion standard, as the trial court's discretion is narrowed where dismissal is imposed as a sanction for fraudulent conduct." *Beseler v.*

*Avatar Prop. & Cas. Ins. Co.*, 291 So. 3d 137, 139 (Fla. 4th DCA 2020). Fraud on the court must be established by clear and convincing evidence. *Arzuman v. Saud*, 843 So. 2d 950, 952 (Fla. 4th DCA 2003). Additionally, "[t]he standard of appellate review of a 'clear and convincing finding' is whether the finding is supported by competent, substantial evidence." *Herman v. Intracoastal Cardiology Ctr.*, 121 So. 3d 583, 588 (Fla. 4th DCA 2013); *Wigley v. Hares*, 82 So. 3d 932, 946 (Fla. 4th DCA 2011).

*Goga v. Publix Supermarkets, Inc.*, 383 So. 3d 490, 493 (Fla. 4th DCA 2024).

"The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court." *Id.* at 494 (ellipses omitted) (quoting *Herman*, 121 So. 3d at 588). However, dismissal for fraud on the court is a severe remedy that should be applied only in the most extreme circumstances. *See Arzuman*, 843 So. 2d at 952 (quoting *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)); *see Gilbert v. Eckerd Corp. of Fla., Inc.*, 34 So. 3d 773, 776 (Fla. 4th DCA 2010); *Kornblum v. Schneider*, 609 So. 2d 138, 139 (Fla. 4th DCA 1992) ("Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances.").

"It is the moving party's burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal." *Gilbert*, 34 So. 3d at 776. We recently recounted the standard:

> The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. *Id.* at 1117-18. Because "dismissal sounds the 'death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." *Id.* at 1118.

6

*Goga,* 383 So. 3d at 494 (quoting *Arzuman,* 843 So. 2d at 952).

In balancing the two policies, trial courts must be careful to keep in mind that a variety of misconduct falls short of the rigors of the fraud on the court test. *Id.* We have also cautioned that, as a preliminary matter, if the motion to dismiss for fraud would not survive a motion for summary judgment due to questions of disputed material facts, the trial court should presume the matter is not subject to dismissal. *Gilbert,* 34 So. 3d at 776. This is because "[f]actual inconsistencies or even false statements are better managed through the use of impeachment or other discovery sanctions." *Id.*; *see also Goga,* 383 So. 3d at 494-95 ("[I]nconsistency, nondisclosure, poor recollection, dissemblance and even lying, is insufficient to support a dismissal for fraud, and, in many cases, may be well-managed and best resolved by bringing the issue to the jury's attention through cross-examination." (citation omitted)). Also, "[t]o support a dismissal the court must find the 'false testimony was directly related to the central issue in the case.'" *Gilbert,* 34 So. 3d at 775 (quoting *Morgan v. Campbell,* 816 So. 2d 251, 253 (Fla. 2d DCA 2002)). "However, 'utterly deceitful behavior . . . most certainly fits the standard for dismissal of the[] suit." *Goga,* 383 So. 3d at 495 (alteration in original) (quoting *Wenwei Sun v. Aviles,* 53 So. 3d 1075, 1078 (Fla. 5th DCA 2010)). "The multiplicity of the deceit is also a factor to be considered[.]" *Id.*

Additionally, "[t]he determination of whether clear and convincing evidence of an unconscionable scheme exists 'will almost always require an evidentiary hearing.'" *Id.* (quoting *Bologna v. Schlanger,* 995 So. 2d 526, 528 (Fla. 5th DCA 2008); *Gilbert,* 34 So. 3d at 777 ("[W]e believe the better practice is for the trial court to conduct an evidentiary hearing on the motion and make specific findings.")). Conducting an evidentiary hearing with live witness testimony provides the trial court with "the opportunity to evaluate the credibility of the plaintiff as to explanations for the identified discrepancies in the plaintiff's statements." *Goga,* 383 So. 3d at 495; *see also Villasenor v. Martinez,* 991 So. 2d 433, 436 (Fla. 5th DCA 2008) (reversing dismissal for fraud on the court because the trial court did not conduct an evidentiary hearing with live testimony to determine if alleged inconsistencies in the plaintiff's discovery response was intentional or the result of poor memory, limited command of the English language and other explanations proffered by the plaintiff in written opposition to the motion).

The appellate court's "preliminary determination is whether the trial court's findings are supported by competent, substantial evidence. If that standard is met, we then review the trial court's legal conclusions for

abuse of discretion." *Goga*, 383 So. 3d at 495. "When evaluating whether competent, substantial evidence supports a trial court's ruling, '[l]egal sufficiency . . . as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.'" *Hallandale Plaza, LLC v. New Tropical Car Wash, LLC*, 335 So. 3d 712, 718 (Fla. 4th DCA 2022) (alterations in original) (quoting *Stone v. Stone*, 128 So. 3d 239, 240 (Fla. 4th DCA 2013)).

> Competency of evidence refers to its admissibility under legal rules of evidence. "Substantial" requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value (that is, "tending to prove").

*Schreiber v. Schreiber*, 331 So. 3d 874, 877 (Fla. 5th DCA 2021) (quoting *Lonergan v. Est. of Budahazi*, 669 So. 2d 1062, 1064 (Fla. 5th DCA 1996)).

Having established the legal standards for our analysis, we proceed with the analysis of whether the trial court's fraud findings were proven clearly and convincingly by competent, substantial evidence. The trial court's dismissal was based on four findings:

> (1) "Plaintiff falsely testified regarding her involvement in prior accidents and the extent of damage regarding the January 2020 accident."

> (2) "Plaintiff also failed to disclose these prior accidents to our [sic] expert during her CME and to her own medical providers when seeking treatment."

> (3) "These prior accidents are pertinent to the issues in this case as Plaintiff is alleging that this subject incident was the cause of her injuries."

> (4) "Plaintiff's false testimony and failure to disclose was not only a fraud on the court, but also caused unfair prejudice to Defendants by hampering their defense."

We address each finding in turn.

Finding (1): False testimony regarding prior accidents.

The trial court was correct that the plaintiff's deposition testimony explicitly denied any further vehicle accidents other than the accidents in Brazil and Broward County, completely omitting the Palm Beach County accident. But this bare fact alone is not sufficient to support the finding of "false testimony." Such a finding also runs contrary to the record, which shows that, shortly after the plaintiff's deposition, the plaintiff's counsel voluntarily provided the defendants' counsel with the Palm Beach County accident report after the Broward County accident report could not be found. The plaintiff's husband's deposition also disclosed the Palm Beach County accident. Even though the husband did not recall the Broward County accident (which had occurred a month before the Palm Beach County accident), the fact remains that both accidents were disclosed through the two depositions, and documents regarding the prior accidents were provided to the defendants by the plaintiff's counsel and the plaintiff's insurer (pursuant to an unopposed subpoena).

The finding that the plaintiff had falsely testified about the extent of damage in the Broward County accident is also not supported by competent, substantial evidence. The only evidence of damage in the Broward County accident report was the statement that the other vehicle had been towed. The plaintiff correctly argues on appeal that the accident report cannot be competent evidence because such reports are inadmissible hearsay, and statements by drivers in the report are excluded as substantive evidence under the accident report privilege. The defendants do not address those arguments in their answer brief.

"The accident report privilege serves to exclude from evidence statements made by a driver involved in an accident to a police officer for the purpose of creating a crash report for that accident." *Stewart v. Draleaus*, 226 So. 3d 990, 994 (Fla. 4th DCA 2017). "Moreover, the information contained in police reports is ordinarily considered hearsay and inadmissible in an adversary criminal proceeding. Nor does the information contained in the report in question fall under any recognized exception to the hearsay rule." *Burgess v. State*, 831 So. 2d 137, 140 (Fla. 2002) (citation omitted).

The trial court primarily relied on the police officer's observations about the damage resulting from the accident, not witness statements as to how the accident had occurred. The observations in the accident report are nonetheless hearsay and the defendants do not point to any exception. Significantly, the accident reports for both 2020 accidents were submitted to the trial court without any supporting affidavit or proffered testimony about their admissibility or contents. Thus, even if the accident reports somehow had demonstrated fraud, the reports' contents were not

9

competent admissible evidence to prove material substantive facts of a scheme to defraud.

The insurance claim reports for both accidents were similarly inadmissible hearsay. Additionally, the insurance claim for the Broward County accident did not clearly and convincingly show the plaintiff's testimony that "there was not much damages to the vehicle or to people" was false. Rather, the insurance claim stated that only the plaintiff's bumper and muffler had been damaged.

Accordingly, even if the trial court had made a clear and convincing evidence finding (it did not), the evidence before the trial court was not competent, substantial evidence supporting a finding of clear and convincing evidence that the plaintiff's deposition testimony was intentionally false as part of a scheme to defraud, thus meriting dismissal for fraud on the court. Because the trial court did not provide the plaintiff with the opportunity to explain the omissions, minimalizations, and discrepancies at the motion to dismiss hearing, those matters are better explored at trial. *See Goga*, 383 So. 3d at 494-95.

Finding (2): Failure to disclose prior accidents to medical practitioners.

The finding that the plaintiff had failed to disclose prior accidents to medical providers was also not supported by competent, substantial evidence.

The plaintiff's treating physician's deposition testimony shows that he barely discussed with the plaintiff the accident sued upon and had not discussed other accidents. Given the doctor's lack of interest in any details about the sued upon accident, it is unclear why, unless asked, the plaintiff would have disclosed two 2020 accidents that did not result in injury. Accordingly, the finding that the plaintiff failed to disclose the prior accidents to her treating physician was not based on substantial evidence.

The trial court also found in its dismissal order that the plaintiff had lied to the defendants' expert about prior accidents during her CME. But the record is not clear whether the expert had explicitly asked the plaintiff about accidents without injury. Regardless, CME reports prepared for litigation (other than worker's compensation litigation) are generally considered inadmissible hearsay. *See McElroy v. Perry*, 753 So. 2d 121, 126 (Fla. 2d DCA 2000). The defendants did not proffer the expert's testimony on this issue or a deposition transcript, and the report was not admissible evidence by itself. The finding that the plaintiff had failed to disclose the 2020 accidents to the defendants' medical expert is not

supported by <u>competent</u> evidence because the CME report was inadmissible hearsay.

Thus, we determine no competent substantial evidence supported the trial court's finding that the plaintiff had fraudulently failed to disclose prior accidents to medical practitioners.

<u>Finding (3): Prior accidents were relevant to injury causation</u>.

The trial court applied the wrong standard in determining fraud based on the finding that "[t]hese prior accidents are <u>pertinent to the issues</u> in this case as Plaintiff is alleging that this subject incident was the cause of her injuries." (Emphasis added). The 2020 accidents might have been relevant to the defendants' causation defense (i.e., that the plaintiff was not injured by the accident sued upon). But the fraud on the court standard requires more than mere potential relevance—the asserted fraudulent omission or misrepresentation must be "directly related to the central issue in the case." *Gilbert*, 34 So. 3d at 775.

Significantly, nothing in the record shows that the plaintiff had been injured in either of the 2020 accidents or sought treatment afterwards. Without such evidence, nothing directly connects the prior accidents to causation of the injuries sued upon as "[as] the central issue in the case." *Gilbert*, 34 So. 3d at 775. The prior accidents are merely prior events through which the plaintiff <u>theoretically</u> could have been injured. Theories and speculations are not competent, substantial evidence and do not constitute clear and convincing proof.

<u>Finding (4): False testimony and failure to disclose caused unfair prejudice to the defendants by hampering their defense</u>.

The trial court's finding that "false testimony and failure to disclose" caused unfair prejudice is not supported by competent, substantial evidence. At most, the plaintiff failed to disclose the Palm Beach County accident during her deposition, but that failure was mitigated by the plaintiff's counsel, shortly after deposition, alerting the defendants to the accident, as well as the plaintiff's husband testifying about the accident.

The bulk of defendants' asserted prejudice appears to be the result of gaps in the defendants' own discovery requests (which did not ask about accidents <u>not</u> resulting in injury), their apparent decision not to pursue document productions from the plaintiff's insurer until after the plaintiff's deposition, and their decision to schedule the plaintiff's deposition shortly before trial. Any prejudice to the defendants was largely of their own

making and was certainly not unfair in terms of the defendants' preparation for trial. Although the case may have been approaching trial, the defendants could have asked the trial court to extend discovery or the trial date to permit them to explore the newly discovered accidents.

Accordingly, the plaintiff's discovery responses do not support the trial court's finding of fraud in terms of hampering the defendants' ability to prepare a defense.

Finally, we conclude our analysis with a discussion of the deference to be afforded to the trial court's findings. "[W]here 'the trial court's decision is not based on live testimony, '[t]he presumption of correctness given to a trial court's rulings . . . is lessened, because the appellate court has everything the trial court had before it.'" *Gordon v. Bethel*, 359 So. 3d 802, 808 (Fla. 4th DCA 2023) (quoting *Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 621 (Fla. 4th DCA 1999)). Additionally,

> [w]hen assessing and analyzing record evidence or a proffer, a trial court is in no better position than an appellate court to determine its sufficiency because the trial court is not called upon to evaluate and weigh testimony and evidence based upon its observation of the bearing, demeanor, and credibility of witnesses.

*McLane Foodservice Inc. v. Wool*, 49 Fla. L. Weekly D2106, *2 (3d DCA, Oct. 16, 2024) (quoting *Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 644 (Fla. 5th DCA 2005)).

Because the trial court in this case did not conduct an evidentiary hearing to evaluate the plaintiff's credibility, the trial court was in no better position than us in determining if competent, substantial evidence clearly and convincingly proved that the plaintiff had engaged in a scheme to defraud, meriting dismissal for fraud on the court. Even if we assume the plaintiff's conduct had involved some deceit, it was certainly not "utterly deceitful behavior" justifying dismissal for fraud on the court. *See Goga*, 383 So. 3d at 494-95.

Accordingly, we determine the trial court's findings of fraud and unfair prejudice were not supported by competent, substantial evidence. Thus, a scheme to defraud the court was not clearly and convincingly proven.

*Conclusion*

Having determined the trial court's findings of fraud on the court were not supported by competent, substantial evidence to clearly and convincingly prove a scheme to defraud, we do not need to address whether the trial court abused its discretion in dismissing the action. The defendants contend that the forces of impact generated by the accident sued upon could not have caused the injuries the plaintiff alleges. Unless resolved by summary judgment, a jury will have to decide whether the plaintiff's injuries were indeed caused by the accident sued upon. Jurors may look at the evidence and find it unbelievable that the plaintiff suffered the alleged injuries given the purported lack of vehicle damage. But the trial court should not have deprived the plaintiff of the right to a jury trial by dismissing the case for fraud on the court. Instead of dismissal, the trial court should have considered other options, such as extending discovery deadlines and the trial date, as it deemed appropriate.

We therefore reverse the trial court's order dismissing the plaintiff's action with prejudice for fraud on the court and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

13